RICHARD F. BOND *vs.* ANDREW J. MORSE.

Since the enactment of *St.* 1862, *c.* 218, § 10, no action at law lies under Gen. Sts. *c.* 60, § 31, to recover a corporate debt against an officer of a corporation, but the remedy, if any, is in equity.

TORT against the defendant as an officer of the National Steam Guage Company, a corporation organized in 1857 under the general statutes then applicable thereto. The writ was dated September 22d 1863.

At the trial in the superior court, before *Morton,* J., it appeared that at October term 1861 of the superior court the plaintiff recovered judgment against said company, and in this action sought to hold the defendant on the ground that he was one of the officers of said corporation at the time that the debt, on which the plaintiff's judgment was recovered, was contracted; that said debt was contracted after the month of October 1859, and that no annual certificate of the condition of said corporation, as required by *Sts.* 1851, *c.* 133, and the subsequent laws relating thereto, was filed after the 11th day of October 1858, a certificate having been filed on that day referring to the condition of the company on the 1st day of September 1858, and that

said debt was contracted at a time when the officers of said corporation had neglected to file the next annual certificate, and during the continuance of their default in that behalf. The judge ruled that by *St.* 1862, *c.* 218, the plaintiff was precluded from maintaining an action at law, and that his remedy, if any, was in equity. The jury accordingly returned a verdict for the defendant, and the plaintiff alleged exceptions.

*B. G. Gray*, for the plaintiff.

*J. D. Ball*, for the defendant.

BY THE COURT. The ruling was right. The remedy by an action at law to recover a corporate debt against an officer of a corporation under Gen. Sts. *c.* 60, § 31, is expressly repealed by *St.* 1862, *c.* 218, § 10, and a suit in equity is substituted therefor, and is now the only remedy. *Peele* v. *Phillips*, 8 Allen, 86.

*Exceptions overruled.*